Davis Lee Wright
Robert E. O'Connor
MONTGOMERY MCCRACKEN
WALKER & RHOADS LLP
437 Madison Avenue
New York, NY 10022
Telephone:  (212) 201-1931
Fax:  (212) 201-1939
Email:  dwright@mmwr.com
        roconnor@mmwr.com

*Attorneys for Defendants O.W. Bunker USA Inc.,
O.W. Bunker Holding North America Inc., and
O.W. Bunker North America Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- X

SHV GAS SUPPLY & RISK MANAGEMENT SAS and EXMAR SHIPPING BVBA, as owner of the WAREGEM (IMO NO. 9659127)

       Plaintiffs,

  v.

O.W. BUNKER USA, INC., O.W. BUNKER HOLDING NORTH AMERICA, INC., O.W. BUNKER NORTH AMERICA, INC. NUSTAR ENERGY SERVICES, INC., AND ING BANK NV,

       Defendants.

------------------------------------------------- X

14 Civ. 9720 (VEC)

**ANSWER AND VERIFIED CLAIM**

    Defendants O.W. BUNKER USA INC. ("OW USA"), O.W. BUNKER HOLDING NORTH AMERICA INC. ("OW Holding"), and O.W. BUNKER NORTH AMERICA INC. ("OW NA")[1] file this Answer and Verified Claim in response to the Complaint for Interpleader

---

[1] OW USA, OW Holding, and OW NA (collectively, the "Debtors") each filed petitions seeking relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut on November 13, 2014. On December 24, 2014, the Debtors and the Official

filed by Plaintiffs SHV GAS SUPPLY & RISK MANAGEMENT SAS ("<u>SHV</u>"), as charterer, and EXMAR SHIPPING BVBA ("<u>EXMAR</u>"), as owner, of the WAREGEM (IMO NO. 9659127) ("Vessel").

**RESTRICTED APPEARANCE**

Debtors' Answer and Verified Claim is made in the context of a restricted appearance pursuant to the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule E(8).  Debtor's appearance is expressly restricted to a claim of ownership over the funds which Plaintiffs deposited into the registry of this Court and is not to be construed as a general appearance or an appearance for the purpose of any other claim with respect to which such process is not available or has not been served.

**ANSWER**

1. Debtors admit that SHV contracted to purchase marine fuel oil from OW USA and that OW USA demanded payment for the very same marine fuel oil.  However, Debtors lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 1 of the Complaint for Interpleader.

2. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint for Interpleader.

3. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint for Interpleader.

4. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint for Interpleader.

---

Committee of Unsecured Creditors appointed in the Debtors' cases jointly filed a motion to transfer venue from the District of Connecticut to the Southern District of New York.  The motion to transfer venue is currently pending before the Connecticut Bankruptcy Court and is scheduled for a hearing on February 18, 2015.

5. OW USA admits the allegations in paragraph 5 of the Complaint for Interpleader.

6. OW Holding admits the allegations in paragraph 6 of the Complaint for Interpleader.

7. OW NA admits the allegations in paragraph 7 of the Complaint for Interpleader.

8. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint for Interpleader.

9. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint for Interpleader.

10. To the extent that an answer to paragraph 10 of the Complaint for Interpleader is required, Debtors incorporate their answers to paragraphs 1-9 above.

11. Debtors deny the allegations in paragraph 11 of the Complaint for Interpleader. Further, the Debtors deny that this Court has the subject matter jurisdiction to issue a discharge of SHV's and EXMAR's liabilities to the Debtors, whose bankruptcy cases are pending before the United States Bankruptcy Court for the District of Connecticut. The Debtors further assert that this Interpleader violates the automatic stay imposed by 11 U.S.C. § 362(a).

12. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations concerning diversity of citizenship. Debtors admit that the amount in controversy exceeds $500. Otherwise, Debtors deny all other allegations in paragraph 12 of the Complaint for Interpleader.

13. Debtors deny the allegations in paragraph 13 of the Complaint for Interpleader.

14. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint for Interpleader.

15. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint for Interpleader.

16. Debtors deny the allegations in paragraph 16 of the Complaint for Interpleader.

17. To the extent that an answer to paragraph 17 of the Complaint for Interpleader is required, Debtors incorporate their answers to paragraphs 1-16 above.

18. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint for Interpleader.

19. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint for Interpleader.

20. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint for Interpleader.

21. OW USA admits the allegations in paragraph 21 of the Complaint for Interpleader.

22. OW USA denies the allegations in paragraph 22 of the Complaint for Interpleader, with the exception that the OW USA admits that it entered into a contract with NuStar in order to fulfill OW USA's contract with SHV.

23. OW USA admits the allegations in paragraph 23 of the Complaint for Interpleader.

24. Debtors admit the allegations in paragraph 24 of the Complaint for Interpleader.

25. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint for Interpleader.

26. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint for Interpleader.

27. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of the Complaint for Interpleader.

28. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Complaint for Interpleader.

29. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint for Interpleader.

30. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint for Interpleader, with the exception that the Debtors deny that ING has a secured interest in the referenced payments.

31. Debtors admit the allegations in paragraph 31 of the Complaint for Interpleader.

32. Debtors admit that on November 19, 2014, the Connecticut Bankruptcy Court entered an order jointly administering the Debtors' bankruptcy cases for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015(b) and Rule 1015-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy for District of Connecticut.

33. Debtors admit the allegations in paragraph 33 of the Complaint for Interpleader.

34. Debtors admit the allegations in paragraph 34 of the Complaint for Interpleader.

35. Debtors admit the allegations in paragraph 35 of the Complaint for Interpleader.

36. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint for Interpleader.

37. Debtors admit that SHV filed an Application for Temporary Restraining Order and Motion for Restraining Order, but otherwise lack knowledge or information sufficient to

form a belief about the truth of all other allegations in paragraph 37 of the Complaint for Interpleader.

38. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint for Interpleader.

39. Debtors admit that the Bankruptcy Court held a hearing on SHV's application, but otherwise lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 39 of the Complaint for Interpleader.

40. Debtors admit that SHV voluntarily dismissed the action before the Bankruptcy Court, but otherwise lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 40 of the Complaint for Interpleader.

41. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint for Interpleader.

42. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint for Interpleader.

43. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint for Interpleader.

44. Debtors admit the allegations in paragraph 44 of the Complaint for Interpleader.

45. OW USA admits that it may assert rights to amounts owed for the sale of necessaries to the Vessel.  However, Debtors lack knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 45 of the Complaint for Interpleader.

46. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint for Interpleader.

47. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Complaint for Interpleader.

48. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Complaint for Interpleader.

49. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of the Complaint for Interpleader.

50. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of the Complaint for Interpleader.

51. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint for Interpleader.

52. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Complaint for Interpleader.

53. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Complaint for Interpleader.

54. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 of the Complaint for Interpleader.

55. Debtors deny the allegations in paragraph 55 of the Complaint for Interpleader.

56. To the extent that an answer to paragraph 56 of the Complaint for Interpleader is required, Debtors incorporate their answers to paragraphs 1-55 above.

57. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the Complaint for Interpleader.

58. Debtors deny the allegations in paragraph 58 of the Complaint for Interpleader.

59. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 of the Complaint for Interpleader.

60. Debtors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of the Complaint for Interpleader.

## DEFENSES

61. This Court lacks subject-matter jurisdiction over the dispute.

62. This Court lacks personal jurisdiction over the Debtors.

63. This Court is an improper venue for the dispute.

64. Plaintiffs' action violates the 11 U.S.C § 362.

65. Plaintiffs' service of process on Debtors was insufficient.

66. Plaintiffs failed to state a claim upon which relief can be granted.

67. Plaintiffs failed to join a party under Federal Rule of Civil Procedure 19.

## VERIFIED CLAIM

68. OW USA asserts its claim to the funds which Plaintiffs deposited into the registry of this Court plus pre-judgment and post-judgment interests, attorney fees, and costs.

69. On November 4, 2014, OW USA entered into a contract with SHV to sell, supply, and deliver marine fuel oil to the Vessel. *See* Exhibit A, "OW USA's Sales Order Confirmation".

70. The marine fuel oil was intended to be sold, supplied, and delivered to the Vessel for the Vessel's consumption, and is a "necessary" pursuant to 46 U.S.C. § 31301.

71. SHV, as the Vessel's charterer, was presumed to have authority to procure necessaries for the Vessel pursuant to 46 U.S.C. § 31341.

72. On November 5-6, 2014, OW USA sold, supplied, and delivered marine fuel oil the Vessel in Houston, TX.

73. The Vessel's receipt of marine fuel oil was recorded in a Marine Fuel Delivery Note, which was signed by the Vessel's Chief Engineer and stamped with the Vessel's official seal.

74. On November 6, 2014, OW USA invoiced the Vessel, EXMAR, and SHV for the sale and delivery of the marine fuel oil in the amount of $521,568.11.

75. Despite due demand, the full invoiced amount remains due and owing to OW USA.

76. In paragraph 44 of its Complaint for Interpleader, Plaintiffs alleged and admitted that contract suppliers of necessaries, like OW USA, obtain maritime liens against vessels.

77. OW USA also has a maritime lien against the Vessel pursuant to 46 U.S.C. § 31342.

78. Accordingly, OW USA seeks to enforce its maritime lien in the amount of $521,568.11 against the funds which Plaintiffs deposited into the registry of this Court, and which by Order of this Court are a substitute for the Vessel, pursuant to Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule C.

## PRAYER

A. Pursuant to Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule C, OW USA prays for an Order directing the Clerk to issue a Warrant for Arrest in the amount of $521,568.11 plus pre-judgment and post-judgment interests, attorney fees, costs, and for such other and further relief as justice may

require against the funds which Plaintiffs deposited into the registry of this Court as a substitute for the Vessel; and

   B. OW USA prays for judgment in its favor in the amount of $521,568.11 plus pre-judgment and post-judgment interests, attorney fees, and costs, and that the amount adjudged be paid out of the funds which Plaintiffs deposited into the registry of this Court as a substitute for the Vessel, and for such other and further relief as justice may require.

Dated: January 12, 2015      Respectfully Submitted,

              MONTGOMERY MCCRACKEN
              WALKER & RHOADS LLP


              */s/ Davis Lee Wright*
              Davis Lee Wright (DW-4324)
              Robert E. O'Connor (RO-1789)
              437 Madison Avenue
              New York, NY 10022
              Telephone: (212) 201-1931
              Fax:    (212) 201-1939
              Email:   dwright@mmwr.com
                     roconnor@mmwr.com

              *Attorneys for Defendants O.W. Bunker USA Inc.,*
              *O.W. Bunker Holding North America Inc., and*
              *O.W. Bunker North America Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SHV GAS SUPPLY & RISK
MANAGEMENT SAS and EXMAR
SHIPPING BVBA, as owner of the
WAREGEM (IMO NO. 9659127)

        Plaintiffs,

  v.

O.W. BUNKER USA, INC., O.W.
BUNKER HOLDING NORTH
AMERICA, INC., O.W. BUNKER
NORTH AMERICA, INC. NUSTAR
ENERGY SERVICES, INC., AND ING
BANK NV,

        Defendants.
------------------------------------------------------X

14 Civ. 9720 (VEC)

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, Adrian Tolson verifies:

1. I am the General Manager of O.W. BUNKER USA, INC., O.W. BUNKER HOLDING NORTH AMERICA, INC., and O.W. BUNKER NORTH AMERICA, INC.;

2. I have read the Answer and Verified Claim; and

3. The facts alleged in paragraphs 68-78 of the Answer and Verified Claim are true and correct within my personal knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed:    January 9, 2015
                   Stamford, CT

Signed,

_Adrian Tolson_
Adrian Tolson

**AFFIRMATION OF SERVICE**

I, Davis Lee Wright, declare under penalty of perjury that I served a copy of the attached Answer and Verified Complaint upon all other parties in this case by the Court's CM/ECF electronic notice system on all parties entitled to receive such notice.

Dated: January 12, 2015               Respectfully Submitted,

                                      MONTGOMERY MCCRACKEN
                                      WALKER & RHOADS LLP


                                       */s/ Davis Lee Wright*
                                      Davis Lee Wright (DW-4324)
                                      437 Madison Avenue
                                      New York, NY 10022
                                      Telephone:   (212) 201-1931
                                      Fax:         (212) 201-1939
                                      Email:       dwright@mmwr.com

                                      *Attorneys for Defendants O.W. Bunker USA Inc.,*
                                      *O.W. Bunker Holding North America Inc., and*
                                      *O.W. Bunker North America Inc.*