## SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

BRUCE G. PAULSEN
PARTNER
(212) 574-1533
paulsen@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

February 20, 2015

**VIA ECF**

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *SHV Gas Supply & Risk Mgmt. v. O.W. Bunker USA Inc.*, 14-cv-9720;
*Nyk Bulk & Project Carriers Ltd. v. O.W. Bunker USA Inc.*, 14-cv-10090;
*Nippon Kaisha Line Ltd. v. O.W. Bunker USA Inc.*, 14-cv-10091

Dear Judge Caproni:

We represent ING Bank N.V. ("ING Bank" or the "Bank") in the above-referenced matter, and write in response to the letter to the Court filed by NuStar Energy Services, Inc. ("NuStar") on February 13, 2015 (the "February 13 Letter") concerning a related action currently pending in the Southern District of Texas styled *Jo Tankers AS v. Bergen Bunkers, AS* (Civ. Action No. H-14-3310) (the "Texas Action").

This Court should not give any consideration or weight to the order referenced in NuStar's February 13 Letter. First, at the time the magistrate judge in the Texas action issued the order authorizing the arrest of interpleaded funds, most of the parties to the action had not been served or had even entered appearances and there was no briefing on the issue. Second, pursuant to Supplemental Rules C(4) and C(6)(a), after the service of a warrant of arrest, parties have an opportunity to file a verified statement of right or interest in the arrested property. The deadline for filing such verified statements has not yet passed. The Texas court must then determine who has an ownership interest in the funds. Given the circumstances under which the order was issued in Texas, it should have no influence on this Court's actions in these matters.

As ING Bank has consistently stated, the parties' relative rights to funds deposited with the Court, if any, should not be decided at the outset of the interpleader action prior to determining whether and where the actions will be maintained. Citing to a stray (and incorrectly decided) ruling in Texas where no opposing views were briefed merely highlights the risks of inconsistent adjudication and counsels for a coordinated process where rights to the funds are determined on the merits rather than as a result of procedural machinations.

Hon. Valerie E. Caproni
February 20, 2015
Page 2

      As we have previously noted, even if NuStar's Rule C Motion were granted, it would have no legal effect on the parties' rights. *See Sonito Shipping Co., Ltd. v. Sun United Mar., Ltd.*, 478 F. Supp. 2d 532, 536 (S.D.N.Y. 2007) ("[t]he Supplemental Rules apply, as Rule A states, to the procedure in admiralty and maritime claims. Neither Rule C nor any other of the Supplemental Rules create a valid *prima facie* admiralty claim. Rather, the Supplemental Rules fashion procedures by which a valid maritime claim may form the basis for a writ of maritime attachment.") (internal quotation marks omitted). As such, there is no reason to allow NuStar to take procedural steps that properly have no substantive effect on the outcome of the action.

      ING Bank reserves all of its rights and defenses, requests that the Court deny NuStar's Rule C Motion, and grant ING Bank such other and further relief as the Court deems just and proper.

                                         Respectfully submitted,

                                         Bruce G. Paulsen

Enclosures

Cc:    James Power, Esq.
        Marie Larsen, Esq.
        Brian Maloney, Esq.
        Thomas H. Belknap, Jr., Esq.

SK 28644 0001 6387014