UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CLEARLAKE SHIPPING PTE LTD.,

                Plaintiff,

     -against-

O.W. BUNKER (SWITZERLAND) SA, ET AL.,

                Defendants.

-----------------------------------------------------------------X

14 Civ. 9287 (VEC)

SHV GAS SUPPLY & RISK
MANAGEMENT SAS and EXMAR
SHIPPING BVBA, as owner of the
WAREGEM (IMO NO. 9659127),

                Plaintiffs,

     -against-

O.W. BUNKER USA, INC., O.W. BUNKER
HOLDING NORTH AMERICA INC., O.W.
BUNKER NORTH AMERICA INC.,
NUSTAR ENERGY SERVICES, INC.,
AND ING BANK NV,

                Defendants.

-----------------------------------------------------------------X

14 Civ. 9720 (VEC)

HAPAG-LLOYD AKTIENGESELLSCHAFT,

                Plaintiff,

     -against-

U.S. OIL TRADING LLC, O.W. BUNKER
GERMANY GMBH, O.W. BUNKER & TRADING
A/S, ING BANK N.V., CRÉDIT AGRICOLE S.A.,

                Defendants.

-----------------------------------------------------------------X

14 Civ. 9949 (VEC)

-----------------------------------------------------------------X

NYK BULK & PROJECT CARRIERS LTD.,
ET ANO.,

                    Plaintiffs,

          -against-

O.W. BUNKER USA, INC. ET AL.,

                    Defendants.
-----------------------------------------------------------------X

14 Civ. 10090 (VEC)

NIPPON KAISHA LINE LIMITED, ET ANO.,

                    Plaintiffs,

          -against-

O.W. BUNKER USA, INC. ET AL.,

                    Defendants.
-----------------------------------------------------------------X

14 Civ. 10091 (VEC)

**MEMORANDUM OF LAW BY NUSTAR
ENERGY SERVICES, INC. AND U.S. OIL TRADING LLC
<u>PURSUANT TO THE COURT'S FEBRUARY 20, 2015 ORDER</u>**

## TABLE OF CONTENTS

**Preliminary Statement**................................................................................................1

**Argument**.................................................................................................................2

    **THE COURT LACKS SUBJECT MATTER JURISDICTION TO ENJOIN THE DEFENDANTS FROM ENFORCING THEIR STATUTORY LIEN RIGHTS AGAINST THE VESSELS.**.........................................................................2

**CONCLUSION** .......................................................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*APL Co. Pte Ltd., et ano. V. O.W. Bunker Far East (Singapore) Pte Ltd.*,
15-cv-00620 (S.D.N.Y.)(VEC)...........................................................................................8

*Booth S.S. Co., Ltd. v. Tug Dalzell No. 2*,
1966 A.M.C. 2615 (S.D.N.Y. 1966).................................................................................7

*Copp v. DeCastro & Donner Sugarrefining Co.*,
6 F. Cas. 520 (E.D.N.Y. 1875).......................................................................................5, 6

*Eagle, Star & British Dominions v. Tadlock*,
14 F. Supp. 933 (S.D. Cal. 1936)..................................................................................5, 6

*Farwest Steel Corp. v. Barge Sea-Span 241*,
769 F.2d 620 (9th Cir. 1985) ...........................................................................................7

*Gabarick v. Laurin Maritime (America) Inc.*,
753 F.3d 550 (5th Cir. 2014) ...........................................................................................6

*Hartford Acc. & Indem. Co. of Hartford v. Southern Pacific Co.*,
273 U.S. 207 (1927)..........................................................................................................9

*OSG Ship Mgmt., Inc., et ano. V. O.W. Bunker USA Inc., et al.*,
14-cv-9973 (S.D.N.Y.)(VEC) .........................................................................................8

*O.W. Bunker USA, Inc., et al. v. COSCO PIRAEUS*,
15-cv-0071 (D.N.J.)(MCA) ...........................................................................................10

*O.W. Bunker USA, Inc., et al. v. M/V BOX TRADER*,
15-cv-00176 (C.D.Cal.)(PSG) .......................................................................................10

*Rodco Marine v. Migliaccio*,
651 F.2d 1101 (5th Cir. 1981) .........................................................................................9

*S.E.L. Maduro (Florida), Inc. v. M/V Antonio de Gastaneta*,
833 F.2d 1477 (11th Cir. 1987) ....................................................................................4, 5

*SHV Gas Mgmt. SAS, et ano., v. O.W. Bunker USA, Inc., et al.*,
14 Civ. 9720 (S.D.N.Y.)(VEC)........................................................................................1

**Statutes**

28 U.S.C. § 2361 ..................................................................................... *passim*

28 U.S.C. § 1335 ........................................................................................................ *passim*

46 U.S.C. § 30501 ..............................................................................................................9

**Other Authorities**

Supplemental Rule D ..........................................................................................................8

Supplemental Rule E(5) ......................................................................................................8

**Preliminary Statement**

NuStar Energy Services, Inc. ("NuStar") and U.S. Oil Trading LLC ("USOT") (collectively, "defendants"), by their attorneys, Blank Rome LLP and Clyde & Co US LLP, respectively, submit this joint memorandum of law pursuant to this Court's Order dated February 20, 2015.[1]  (Dkt. 47)[2]  As set forth in defendants' joint memorandum dated January 14, 2015, (Dkt. 32), and below, this Court lacks subject matter jurisdiction under the federal interpleader act and authority under 28 U.S.C. § 2361 to enjoin defendants from enforcing their statutory maritime liens against interpleader plaintiffs' vessels.  Plaintiffs have failed to satisfy the requirements of 28 U.S.C. § 1335 by failing to deposit such money or property due under the separate and distinct obligations owed by plaintiffs' vessels *in rem* to physical suppliers NuStar and USOT.  Accordingly, the Court lacks authority under 28 U.S.C. § 2361 to enjoin defendants from enforcing their statutory *in rem* claims against the subject vessels since the obligations of plaintiffs' vessels *in rem* do not constitute the "obligation involved in the interpleader action" as a matter of law.  *See* U.S.C. § 2361.

Attempting to gloss over the Court's lack of subject matter jurisdiction under 28 U.S.C. § 1335 and over defendants' *in rem* claims against the subject vessels, plaintiffs fail to

---

[1] Defendants reserve all rights, claims and defenses in their respective cases in making this submission, including but not limited to (1) their right to assert a claim against the relevant plaintiff(s) *in personam*; (2) their right to assert a claim against the alleged funds in the Court's registry; and (3) any defenses defendants have asserted or may assert in their first responsive pleading to plaintiffs' respective complaints for interpleader, including but not limited to lack of personal jurisdiction, subject matter jurisdiction, service of process and venue.

[2] References herein to "Dkt. ___" are to the docket in the case styled, *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, et al., 14 Civ. 9949 (S.D.N.Y.)(VEC) (the "USOT Case").  References herein to "Pl. Mem." are to Vessel Interests Plaintiffs' Joint Memorandum of Law Pursuant to Court's Order Dated December 19, 2014, Concerning This Court's Jurisdiction.  Dkt. 42.  References herein to "O.W. Mem." are to the memorandum of law dated February 4, 2015, filed by O.W. Bunker USA, Inc., O.W. Bunker Holding North America, Inc. and O.W. Bunker North America, Inc. in the case styled, *SHV Gas Mgmt. SAS, et ano., v. O.W. Bunker USA, Inc., et al.*, 14 Civ. 9720 (S.D.N.Y.)(VEC).

identify a single case where a federal court has so deprived a party of its statutory maritime lien claims *in rem* against a vessel absent from the jurisdiction.  Indeed, plaintiffs fail to address the authorities cited by defendants showing that (1) the obligations of the subject vessels *in rem* are separate and distinct obligations from the contractual obligations of the vessel owners and charterers *in personam* as a matter of law; and (2) the vessel owners' deposit of "substitute" security with the Court cannot create *in rem* jurisdiction where, as here, the subject vessels were never arrested or present within the jurisdiction of this Court and the claimants did not consent to the proffered security.  Plaintiffs have thus failed to refute the defendants' showing that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1335, and authority under 28 U.S.C. § 2361, to enjoin defendants from enforcing their statutory *in rem* claims against the subject vessels, since the obligations of plaintiffs' vessels *in rem* do not constitute the "obligation involved in the interpleader action" as a matter of law.

## Argument

### THE COURT LACKS SUBJECT MATTER JURISDICTION TO ENJOIN THE DEFENDANTS FROM ENFORCING THEIR STATUTORY LIEN RIGHTS AGAINST THE VESSELS.

Plaintiffs fail to refute defendants' showing that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1335 and authority under 28 U.S.C. § 2361, to enjoin proceedings commenced by defendants in another jurisdiction which do not affect the property or obligation involved in the interpleader actions.  Dkt. 32 at 5.  Plaintiffs acknowledge that 28 U.S.C. § 2361 expressly limits the power of this Court to enjoin proceedings "that affect[] the property, . . . or obligation involved in the interpleader action."  Pl. Mem. at 4-5.  However, plaintiffs ignore that the obligations of the subject vessels *in rem* to the defendants are separate and distinct from whatever obligations the vessels' owners or the charterers *in personam* have to their contractual

2

counterparties - - generally, the O.W. Bunker entities.

Injunctions issued pursuant to 28 U.S.C. § 2361 are only available in interpleaders brought under 28 U.S.C. § 1335.  *See* 28 U.S.C. § 2361.  One of the requirements necessary to invoke the Court's subject matter jurisdiction under 28 U.S.C. § 1335(a)(2) is that a plaintiff deposit "such money or property . . . or the amount due under such obligation into the registry of the court . . . ."  28 U.S.C. § 1335(a)(2).  Here, the funds and/or bonds deposited by plaintiffs - - and accepted by the Court - - do not constitute such "property" subject to defendants' *in rem* claims, *i.e.*, the subject vessels, or the amount due under the vessels' separate and distinct obligations *in rem* to pay defendants for the bunker fuel delivered to the vessels.  Accordingly, plaintiffs have failed to satisfy the requirements of 28 U.S.C. § 1335 for interpleader jurisdiction over defendants' *in rem* claims against the subject vessels.

In several of these cases, plaintiffs have come into this Court seeking relief as if they are a single party, but they are not.  Plaintiffs repeatedly gloss over the fact that the *in personam* and *in rem* claims are separate and must be treated separately.  Indeed, why else would owner and charterer both appear as plaintiffs?  In most instances, the charterer is responsible to procure bunkers for the vessel, and thus faces exposure under the supply contract; but the owner - - which may have no obligation *in personam* to any claimant - - commences an interpleader action to protect against the separate *in rem* liability of its vessel.[3]  Plaintiffs here attempt to use sleight of hand to consolidate two separate liabilities and to treat them as one, but this tactic contravenes maritime law and unfairly prejudices the party who actually supplied bunkers to the vessels.

In *S.E.L. Maduro (Florida), Inc. v. M/V Antonio de Gastaneta*, 833 F.2d 1477

---

[3] Notably, in none of the cases is the vessel named as a plaintiff, notwithstanding that it is the legal entity which bears the *in rem* liability.

(11th Cir. 1987), the Eleventh Circuit recognized this key distinction between the obligation of a vessel owner *in personam* and its vessels *in rem* as a matter law:

> ***That the shipowner may escape contractual liability for debts of a chartered vessel does not extinguish the vessel's liability, giving rise to a statutory lien, for marine necessaries and supplies. The lien attached to the vessel even if the vessel owner has not personally contracted. Thus, an action on a shipowner's promise to pay the debt of the vessel is different from an action against the vessel to recover the value of the services rendered. The potential liabilities are separate and distinct.***

*Id*. at 1482. (Emphasis added).

There, a physical supplier of necessaries to three vessels entered into an agreement with the vessels' owner in which the vessel owner agreed to pay the vessels' debt in consideration of the physical supplier's promise to refrain from arresting the owner's vessels. *Id*. at 1479. After the vessel owner failed to pay the supplier pursuant to the parties' agreement, the supplier sued the vessel owner and its principal for breach of contract. After trial, the district court entered judgment in favor of the vessels' owner and against the supplier on its breach of contract claim. *Id*. at 1480. The supplier also commenced a separate action against one of the owner's vessels *in rem* <u>for the same supply of necessaries</u>. The district court granted summary judgment in favor of the vessel owner and ruled that the judgment in the *in personam* action against the vessel owner barred the *in rem* claim against the owner's vessel for the same supply of necessaries. Reversing the district court, the Eleventh Circuit rejected the vessel owner's claim that the supplier's *in rem* action was barred by the doctrines of *res judicata* and collateral estoppel. In so ruling, the Eleventh Circuit reasoned:

> When the two actions are analyzed in this manner, it is clear that the primary right at stake in *Maduro I*, the right to the benefit of one's bargain, is not the same as the primary right at stake in *Maduro II*, the right to be compensated for services rendered.

4

*Id*. at 1482.

The same reasoning applies here with equal force.  Plaintiffs contend that "the only property that needs to be present is the funds representing the obligation at issue in the interpleader action . . . ."  Pl. Mem. at 5.[4]  However, plaintiffs' contention fails to address the separate and distinct obligation of the subject vessels *in rem*.  Indeed, plaintiffs' claims of "double liability" find no support in the applicable law since the proceedings commenced by defendants, and enjoined by this Court, seek to recover the debts of the subject vessels *in rem* for the value of the services rendered by defendants.  Contrary to plaintiffs' assertions that defendants have "full security" for their claims, Pl. Mem. at 9-10, plaintiffs overlook that the "full security" deposited with Court responds only to the obligation of the vessel owners and/or charterers *in personam* - - not the separate and distinct obligation of the subject vessels *in rem*, which are the subject of the proceedings improperly enjoined by this Court.  Plaintiffs have no answer for the showing by defendants that the alleged security posted in the interpleader cases (1) fails to satisfy the requirements of 28 U.S.C. § 1335 to invoke the Court's interpleader jurisdiction; and (2) fails to secure the defendants' *in rem* claims against the vessels.  Dkt. 32 at 7-9.

Plaintiffs rely heavily on *dicta* in *Eagle, Star & British Dominions v. Tadlock*, 14 F. Supp. 933 (S.D. Cal. 1936), and *Copp v. DeCastro & Donner Sugarrefining Co.*, 6 F. Cas. 520 (E.D.N.Y. 1875), to support their contention that this Court may enjoin defendants from pursuing their *in rem* claims notwithstanding that this Court lacks subject matter jurisdiction and *in rem* jurisdiction over the vessels.  *See* Pl. Mem. at 4, 6-7 and 9.  However, neither of those

---

[4] Plaintiffs' misleading argument that "security in the amount deemed sufficient by the Court" constitutes authority for the Court to enjoin proceedings finds no support in the case law or the express language of 28 U.S.C. § 2361.  *See* Pl. Mem. at 5 (citing 28 U.S.C. § 1335).

cases applies here.

For example, plaintiffs incorrectly argue that the court in *Tadlock* "directly addressed the issue of whether it had the power to enjoin the assertion of a maritime lien against the subject vessel in another District." *Id*. at 4. Yet plaintiffs disregard that the court in *Tadlock* never "directly addressed" any claim against a vessel *in rem* in a jurisdiction outside of an interpleader action. In fact, the claimant in *Tadlock* filed a libel *in personam* against the stakeholder, the assured and others in the same court as the interpleader. *Tadlock*, 14 F. Supp. at 935. Unlike here, in *Tadlock* no question arose whether the court could exercise jurisdiction over the parties or whether the claimant should be allowed to arrest the vessel in any other jurisdiction (since there the vessel had already sunk). *Id*. In any event, the court in *Tadlock* dismissed the interpleader after concluding that the plaintiff failed to satisfy the jurisdictional diversity requirements of the federal interpleader act. *Id*. at 940. Accordingly, the *dicta* in *Tadlock* cited by plaintiffs offers no support for the notion that a federal interpleader action may bar or destroy a valid *in rem* maritime lien claim against a vessel located in another jurisdiction.

Plaintiffs' reliance on the 140-year old decision in *Copp* is likewise misplaced. Unlike here, the court there did not address an *in rem* claim against a vessel outside the jurisdiction or a challenge to the court's authority to enjoin parties from prosecuting *in rem* claims against a vessel outside the jurisdiction. Further, the court in *Copp* recognized that "no question can arise in respect to jurisdiction over the parties, for two of them are already before the court and the third consents to appear, and asks to be allowed to submit its rights to the determination of the court." *Copp*, 6 F. Cas. at 521. In the instant case, unlike in *Copp*, the defendants have affirmatively contested the Court's jurisdiction since the filing of the

interpleader actions.[5]

O.W. Bunker's reliance on *Farwest Steel Corp. v. Barge Sea-Span 241*, 769 F.2d 620 (9th Cir. 1985), and *Booth S.S. Co., Ltd. v. Tug Dalzell No. 2*, 1966 A.M.C. 2615 (S.D.N.Y. 1966) (O.W. Mem. at 4), is equally misplaced.  In *Farwest*, plaintiff arrested the defendant barge in the district, thereby obtaining *in rem* jurisdiction.  Subsequently, the district court vacated the arrest and released the vessel.  On appeal, the defendant contended that *in rem* jurisdiction had been lost when the vessel departed the district.  The Ninth Circuit held that the court retained jurisdiction despite the vessel's departure, largely based on the finding that the owner had been aware of the lien claim and had consented to *in rem* jurisdiction.  *Farwest*, 769 F.2d at 621-23.  Thus, *Farwest* provides no support for the argument that a court can obtain *in rem* jurisdiction without first arresting the vessel.

Nor does *Booth* apply here.  There, unlike here, the libellant instituted suit solely on an *in rem* jurisdictional predicate, alleging that the vessel was, or would be during the pendency of the action, within the district.  The vessel was never actually arrested, but the owner of the vessel, in its answer, admitted this allegation.  The court found this admission sufficient to confer *in rem* jurisdiction over the vessel notwithstanding that the vessel did not subsequently come to the district.  *Booth*, 1966 A.M.C. at 2618.  The O.W. Bunker entities thus stretch *Booth* beyond its holding by contending that a vessel owner can force an *in rem* lien claimant to accept jurisdiction in a court merely because the owner elects to commence an interpleader action, despite a lack of subject matter jurisdiction under 28 U.S.C. § 1335.

Plaintiffs' assertion that Supplemental Rule E(5) "is inapplicable to the

---

[5] The Fifth Circuit's decision in *Gabarick v. Laurin Maritime (America) Inc.*, 753 F.3d 550 (5th Cir. 2014), likewise has no application here.  *See* Pl. Mem. at 4.  There, unlike here, the court restrained a declaratory judgment, not an *in rem* claim against a vessel outside the court's jurisdiction.

interpleader actions" wholly ignores, and contradicts, the express language of the restraining orders drafted by plaintiffs and signed by the Court.  For example, the restraining order in the "OSG Case" states that "the amount on deposit" constitutes "the invoiced amount plus 6% interest per annum *pursuant to Supplemental Rule E(5)(a)*[.]"   (Emphasis added).[6]  The restraining order issued in the "APL Case" contains nearly identical language.[7]  Plaintiffs offer no authority to support their notion that the Supplemental Rules do not apply to defendants' maritime claims, but rather should be used only "as a guide."  *See* Pl. Mem. at 7 n.6.  In so arguing, plaintiffs (1) disregard the allegations in their complaints which invoke the Court's exclusive admiralty jurisdiction; and (2) fail to refute the showing by defendants that the law in this Circuit requires the application of the Supplemental Rules to all *in rem* claims commenced under the Court's exclusive admiralty jurisdiction.  *See* Dkt. 32 at 8 ("Because cases brought under admiralty jurisdiction are subject to admiralty procedural rules, [plaintiff's] claim would still be governed by Supplemental Rule D, which requires that the vessel be arrested") (citing *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 73 (2d Cir. 1998)).

Nor does the interpleader act trump Supplemental Rule E(5).  A federal statute accords with Supplemental Rule E(5) and governs the security requirements for *in rem* claims against a vessel.  *See* Dkt. 32 at 8 (citing 28 U.S.C. § 2464).

Moreover, the attempt by plaintiffs and the O.W. Bunker entities to analogize the instant case to a limitation action pursuant to the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.* (the "Limitation Act") does not withstand scrutiny or support subject

---

[6] *OSG Ship Mgmt., Inc., et ano. v. OW Bunker USA Inc., et al.*, 14 Civ. 9973 (S.D.N.Y.)(VEC), at Dkt. 7, pg. 3.

[7] *APL Co. Pte Ltd., et ano. v. OW Bunker Far East (Singapore) Pte Ltd.*, 15 Civ. 00620 (S.D.N.Y.)(VEC), at Dkt. 17, pg. 3.

matter jurisdiction under 28 U.S.C. § 1335.  *See* Pl. Mem. at 7; *see also* O.W. Mem. at 6.

Plaintiffs contend that, since the Limitation Act authorizes a vessel owner to initiate a limitation

action by depositing the value of the vessel with the court rather than the vessel itself,

defendants' maritime lien claims against the subject vessels *in rem* in the instant case should

likewise be transferred to the interpleader fund deposited with the Court.  Pl. Mem. at 7.  In

asserting that the instant case is "more akin" to a limitation action, plaintiffs ignore that the

Limitation Act expressly contains provisions for transferring maritime lien claims to a limitation

fund to effect the specific purposes of the Limitation Act, to encourage investment in shipping by

allowing a vessel owner to limit its liability in the event of a casualty to its vessel.  *Hartford Acc.*

*& Indem. Co. of Hartford v. Southern Pacific Co.*, 273 U.S. 207, 214 (1927).  In the instant case,

plaintiffs and the O.W. Bunker entities can identify no similar purpose ascribed to the

interpleader act.

Further, in a limitation action the entire value of the vessel - - without reduction

for mortgages or prior liens against the vessel - - must be deposited with the court, and maritime

liens arising from the casualty are paid in order of priority subject to the owner's statutory right

to limit its liability.  *Rodco Marine v. Migliaccio*, 651 F.2d 1101 (5th Cir. 1981).  Here, by

contrast, the interpleader actions and anti-suit injunctions effectively place defendants' *in rem*

claims against the subject vessels on equal ground with the *in personam* claims by the O.W.

Bunker entities against the vessels' owners or charterers, to be satisfied, if at all, from a single,

inadequate fund "jointly" deposited by the vessels owners and charterers - - some of whom have

no ownership interest at all in the vessel and all of whom are unrelated parties with different

interests, obligations and liabilities.  The interpleader statute contains no language authorizing

such consolidation of defenses or exposures in this manner, and no language authorizing the

transfer of *in rem* maritime lien claims from the subject vessels - - which plaintiffs have failed to name as parties to these actions - - to an interpleader fund unilaterally constituted by plaintiffs.

Indeed, despite asserting that the New York forum clause in their terms and conditions govern - - a contention which defendants dispute - - the O.W. Bunker entities have shown no hesitancy whatsoever in commencing *in rem* arrest actions in jurisdictions other than this Court in recent weeks to seek *in rem* security.[8]

## CONCLUSION

Defendants respectfully submit that, on this record, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1335 and authority under 28 U.S.C. § 2361 to enjoin the defendants from enforcing their *in rem* claims against the subject vessels, as the funds deposited by the plaintiffs in the Court's registry cannot stand as substitute security for the separate and distinct obligations of the vessels without the consent of the *in rem* claimants.

Dated: New York, New York
     February 27, 2015

                                            **BLANK ROME LLP**

                                            By: /s/ Thomas H. Belknap, Jr.
                                               Thomas H. Belknap, Jr.
                                                 405 Lexington Avenue
                                                 New York, New York 10174-0208
                                               Tel.: (212) 885-5270
                                               Fax: (917) 332-3795

                                             *Attorneys for Defendant*
                                             *NuStar Energy Services, Inc.*

                                                -and-

---

[8] *See O.W. Bunker USA, Inc., et al. v. COSCO PIRAEUS*, 15-cv-0071 (D.N.J.)(MCA); *O.W. Bunker USA, Inc., et al. v. M/V BOX TRADER*, 15-cv-00176 (C.D.Cal.)(PSG).

**CLYDE & CO US LLP**

By: /s/ John R. Keough, III
     John R. Keough, III
     Casey D. Burlage
     Corey R. Greenwald
     George G. Cornell
     405 Lexington Avenue, 16th Floor
     New York, New York 10174
     Tel.: (212) 710-3900
     Fax: (212) 710-3950

     *Attorneys for Defendant*
     *U.S. Oil Trading LLC*