UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UPT POOL LTD.,

               Plaintiff,

      - against -

DYNAMIC OIL TRADING (SINGAPORE) PTE.           14-CV-9262 (VEC)
LTD, O.W. BUNKER USA INC., O.W. BUNKER
NORTH AMERICA INC., O.W. BUNKER
HOLDING NORTH AMERICA INC., HARLEY
MARINE NY, INC., ING BANK N.V.

               Defendants.

BIRCH SHIPPING LTD.,

               Plaintiff,

      - against -

O.W. BUNKER CHINA LTD. (HK), O.W.          14-CV-9282 (VEC)
BUNKER USA INC., O.W. BUNKER NORTH
AMERICA INC., O.W. BUNKER HOLDING
NORTH AMERICA INC., O.W. BUNKER &
TRADING A/S, CHEMOIL LATIN AMERICA
INC., ING BANK N.V.

               Defendants.

CLEARLAKE SHIPPING PTE LTD.,

               Plaintiff,

      - against -

                            14-CV-9286 (VEC)
O.W. BUNKER (SWITZERLAND) SA, O.W.
BUNKER USA INC., O.W. BUNKER NORTH
AMERICA INC., O.W. BUNKER HOLDING
NORTH AMERICA INC., WESTOIL MARINE
SERVICES, INC., ING BANK N.V.

               Defendants.

CLEARLAKE SHIPPING PTE LTD,

                  Plaintiff,

         - against -

O.W. BUNKER (SWITZERLAND) SA,      O.W.
BUNKER USA INC., O.W. BUNKER NORTH
AMERICA INC., O.W. BUNKER HOLDING
NORTH AMERICA INC., NUSTAR ENERGY
SERVICES INC., ING BANK N.V.

               Defendants.

                                         14-CV-9287 (VEC)

---

BONNY GAS TRANSPORT LIMITED,
as owner of the LNG FINIMA (IMO No. 7702401)

                  Plaintiff,

         - against -

O.W. BUNKER GERMANY GMBH, NUSTAR
TERMINALS MARINE SERVICES N.V., NUSTAR
ENERGY SERVICES, INC., ING BANK N.V.

               Defendants.

                                         14-CV-9542 (VEC)

---

MT CAPE BIRD TANKSCHIFFAHRTS
GMBH & CO. KG,
individually and on behalf of M/T CAPE BIRD (IMO
No. 9260067)

                  Plaintiff,

         - against -

O.W. USA INC., O.W. NORTH AMERICA INC.,
HARLEY MARINE NY, INC., ING BANK N.V.

               Defendants.

                                         14-CV-9646 (VEC)

SHV GAS SUPPLY & RISK MANAGEMENT
SAS AND EXMAR SHIPPING BVBA,
as owner of the WAREGEM (IMO No. 9659127),                    14-CV-9720 (VEC)

                 Plaintiffs,

      -against-

OW BUNKER USA, INC., OW BUNKER HOLDING
NORTH AMERICA INC., OW BUNKER NORTH
AMERICA INC., NUSTAR ENERGY SERVICES,
INC., ING BANK NV,

                 Defendants.

---

HAPAG-LLOYD AKTIENGESELLSCHAFT,

                 Plaintiff,

      -against-

U.S. OIL TRADING L.L.C., O.W. BUNKER          14-CV-9949 (VEC)
GERMANY GMBH, O.W. BUNKER & TRADING
A/S, ING BANK N.V. AND CREDIT AGR1COLE
S.A.,

                 Defendants.

---

OSG SHIP MANAGEMENT, INC., and 1372
TANKER CORPORATION as owner of the M/V
OVERSEAS MULAN (IMO NO. 9230880).

                 Plaintiffs,

      -against-
                            14-CV-9973 (VEC)

O.W. BUNKER USA INC., OW BUNKER MIDDLE
EAST DMCC, CHEMOIL CORPORATION,
CHEMOIL MIDDLE EAST DMCC, GPS CHEMOIL
LLC FZC, and ING BANK NV,

                 Defendants.

HAPAG-LLOYD AKTIENGESELLSCHAFT,

                              Plaintiff,

      -against-

O'ROURKE MARINE SERVICES L.P., L.L.P.,
O.W. BUNKER GERMANY GMBH, O.W.
BUNKER USA, INC., ING BANK N.V.,

                            Defendants.

14-CV-10027 (VEC)

---

CONTI 149 CONTI GUINEA, individually and on
behalf of M/T CONTI GUINEA (IMO No. 9391402),

                            Plaintiff,

      -against-

O.W. BUNKER PANAMA S.A.. O.W. BUNKER
USA INC., CLEMENTI PARK SHIPPING CO. PTE
LTD., ING BANK N.V.,

                            Defendants.

14-CV-10089 (VEC)

---

NYK BULK & PROJECT CARRIERS LTD.,
individually and on behalf of M/V OCEAN FRIEND
(IMO No. 9401829),

                            Plaintiff,

      -against-

O.W. BUNKER USA INC., NUSTAR ENERGY
SERVICES, INC., HARLEY MARINE GULF, INC.,
ING BANKN.V.,

                            Defendants.

14-CV-10090 (VEC)

---

NIPPON KAISHA LINE LIMITED,
individually and on behalf of M/V RIGEL LEADER
(IMO No. 9604940)

                            Plaintiff,

      - against -

O.W. BUNKER USA INC., NUSTAR ENERGY
SERVICES, INC., KIRBY INLAND MARINE LP,
ING BANK N.V.

                            Defendants.

14-CV-10091 (VEC)

HAPAG-LLOYD AKTIENGESELLSCHAFT,                              15-CV-00190 (VEC)

               Plaintiff,

   -against-

O.W. BUNKER NORTH AMERICA, INC., O.W.
BUNKER GERMANY GMBH, O.W. BUNKER
USA, INC., ING BANK N.V.

               Defendants.

---

APL CO. PTE LTD and AMERICAN PRESIDENT
LINES, LTD., individually and on behalf of
M/V APL SALALAH (IMO No. 9462029),
M/V APL ENGLAND (IMO No. 9218650),
M/V APL OAKLAND (IMO No. 9332250),
M/V APL SOUTHHAMPTON (IMO No. 9462017),
M/V APL THAILAND (IMO No. 9077123),
M/V APL CHINA (IMO No. 9074389),
M/V APL EGYPT (IMO No. 9196905),
M/V APL PHILIPPINES (IMO No. 9077276), and,
M/V APL YANGSHAN (IMO No. 9462031),

               Plaintiffs,                      15-CV-0620 (VEC)

    - against -

O.W. BUNKER FAR EAST (SINGAPORE) PTE.
LTD, O.W. BUNKER USA INC., O.W. BUNKER
NORTH AMERICA INC., WESTOIL MARINE
SERVICES, INC., ING BANK N.V.

               Defendants.

CANPOTEX SHIPPING SERVICES LIMITED,
individually and on behalf of
M/V GLOBAL PHOENIX (IMO No. 9565053),
M/V CMB GIULIA (IMO No. 9588419), and,
M/V ASTON TRADER II (IMO No. 9392731),

        Plaintiff,

  - against -

O.W. BUNKERS (UK) LIMITED, O.W. SUPPLY &
TRADING A/S, CHEVRON MARINE PRODUCTS
LLC, ING BANK N.V.

        Defendants.

15-CV-1351 (VEC)

**VESSEL INTERESTS PLAINTIFFS' JOINT MEMORANDUM OF LAW
PURSUANT TO COURT'S ORDER DATED FEBRUARY 20, 2015,
<u>CONCERNING THIS COURT'S SUBJECT MATTER JURISDICTION</u>**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .............................................................................................................................. 3

      I.      The Court has the Power to Resolve Competing *In Rem* and *In Personam* Claims
              Related to the Bunker Supplies. ........................................................................... 3

      II.     The Court Has Subject Matter Jurisdiction Over Competing *In Rem* and *In
              Personam* Claims Against the Substitute *Res* Provided by Plaintiffs. ................... 6

CONCLUSION ........................................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Booth S.S. Co., Ltd. v. Tug Dalzell No. 2,*
    1966 A.M.C. 2615 (S.D.N.Y. 1966) ........................................................................7

*Buckeye State Mut. Ins. Co. v. Moens,*
    944 F. Supp. 2d 678 (N.D. Iowa 2013) ...................................................................4

*Copp v. DeCastro & Donner Sugarrefining Co.,*
    6 F. Cas. 520 (No. 3,215) (E.D.N.Y. 1875) ..........................................................8

*Eagle, Star & British Dominions v. Tadlock,*
    14 F. Supp. 933 (S.D. Cal. 1936) ......................................................................6, 8

*Farwest Steel Corp. v. Barge Sea-Span,*
    769 F.2d 620 (9th Cir. 1985) ................................................................................7

*Galehead, Inc. v. M/V Anglia,*
    183 F.3d 1242 (11th Cir. 1999) ............................................................................4

*Hartford Accident & Indemnity Co. of Hartford v. Southern Pacific,* 273 U.S. 207
    (1927) ....................................................................................................................8

*Hudson Sav. Bank v. Austin,*
    479 F.3d 102 (1st Cir. 2007) .................................................................................6

*M/S Bremen v. Zapata Off-Shore Co.,*
    407 U.S. 1 (1972) ..................................................................................................8

*S.E.L. Maduro (Florida), Inc. v. M/V Antonio de Gastaneta,*
    833 F.2d 1477 (11th Cir. 1987) ............................................................................5

*Thyssen, Inc. v. Calypso Shipping Corp., S.A.,*
    310 F.3d 102 (2d Cir. 2002) .............................................................................5, 6

*U.S. v. Major Oil Corp.,*
    583 F.2d 1152 (10th Cir. 1978) ............................................................................4

*Youngstown Sheet & Tube Co. v. Patterson-Emerson-Comstock of Ind.,*
    227 F. Supp. 208 (N.D. Ind. 1963) .......................................................................7

STATUTES

28 U.S.C. § 1333 ............................................................................................................1

28 U.S.C. § 1335 ................................................................................................1, 3, 6, 9

28 U.S.C. § 2361 ................................................................................................1, 2, 3, 7

46 U.S.C. § 31301 *et seq.* ...............................................................................................1, 4

46 U.S.C. § 30501 *et seq.* ...............................................................................................7, 8

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 65 .............................................................................3

Supplemental Admiralty Rule C ...............................................................................3, 4

Supplemental Admiralty Rule F(9) ...............................................................................8

## <u>PRELIMINARY STATEMENT</u>

Pursuant to this Court's Order dated February 20, 2015 (Dkt. 47),[1] Plaintiffs (the "Vessel Interests") in the above-captioned actions submit this joint memorandum[2] in further support of the proposition that the Court has subject matter jurisdiction over interpleader actions filed by the Vessel Interests.

Vessel Interests, as stakeholders against the nominal defendants, have sought to enjoin maritime *in rem* and *in personam* defendants/claimants from taking action (outside the interpleader proceedings) against Plaintiffs and their vessels in connection with the provision of bunker fuel to those vessels.  There can be no serious debate that the Court has subject matter jurisdiction over these claims and actions pursuant to 28 U.S.C. §§ 1335 and 2361 (the Federal Interpleader Act (the "Act")), as well as under 28 U.S.C. § 1333 (the Admiralty and Maritime jurisdiction).  The basic requirements of the Act are met, as there are competing claimants, minimal diversity exists among them, Plaintiffs are in possession of funds or property exceeding $500, and Plaintiffs, with the Court's approval, have already deposited the requisite funds or security.  Further, no party disputes that this case is properly brought under admiralty jurisdiction, as the claims at issue relate to the alleged provision of necessaries to various vessels resulting in purported maritime lien claims under the Commercial Instruments and Maritime Lien Act (formerly, Federal Maritime Lien Act), 46 U.S.C. § 31301 *et seq.* (the "Lien Act"), as well as to potential *in personam* claims based on maritime contracts.

Indeed, NuStar Energy Services, Inc. and U.S. Oil & Trading LLC (collectively, the "Defendants") do not actually dispute that these cases meet the procedural requirements of the

---

[1] References hereto to "Dkt. ___" are to the docket in Civil Action 14-cv-9949.
[2] Plaintiffs, as vessel owners and time charterers, initiated the sixteen above-captioned interpleader actions when faced with competing claims of maritime liens and rights to payment for the supply of marine bunkers.  These cases have been marked as related as they deal with certain common issues of fact and law.

interpleader statute and Article III admiralty jurisdiction.  (*See* Dkt. 52, Defendants' most recent memorandum.)  Instead, Defendants challenge the Court's exercise of its injunctive power under 28 U.S.C. § 2361, not its subject matter jurisdiction.[3]  Defendants make the unsupported and untenable argument that this Court does not have power under § 2361 to enjoin the assertion of *in rem* maritime lien claims in other districts.  Defendants' attack is based on the premise that the funds deposited in an interpleader action only represent the "obligation" pertaining to the *in personam* cause of action related to the transaction.  Defendants then characterize the *in personam* cause of action as separate and distinct from the facts giving rise to the *in rem* claim. This is where the fallacy lies: certainly when bunkers are supplied to a vessel, two separate causes of action might arise.  However, it remains an undisputed fact that there was but <u>one</u> supply of bunkers to the vessel giving rise to <u>one</u> obligation to pay.  It is that "obligation" that has been deposited with this Court.

There is another flaw in Defendants' position that must be corrected at the outset. Defendants completely ignore the nature of the claims of the O.W. counterparties involved in these transactions – Defendants consistently have described the O.W. counterparties' claims as *in personam*.  While indeed the O.W. counterparties may well possess *in personam* claims, the O.W. counterparties arguably also have *in rem* claims against the funds of equal or even greater dignity than Defendants' *in rem* claims.  These cases thus present the unique situation[4] where two separate parties assert a maritime lien claim for the <u>exact</u> same supply of goods to a vessel.  This

---

[3] Vessel Interests note that the additional briefing submitted by Defendants (Dkt. 52) is arguably beyond the scope of this Court's February 20 Order (Dkt. 47).  Defendants requested an opportunity to file further briefing on the Court's injunctive power (which had already been briefed by the parties), and with its February 20 Order, the Court denied that request.  The Court did however direct the parties to brief only whether the Court has subject matter jurisdiction.  To the extent that Defendants' Memorandum of Law exceeds the scope of the Order, Plaintiffs respectfully submit that Defendants' brief (Dkt. 52) should again be stricken.  However, for the sake of completeness, Plaintiffs will briefly respond to Defendants' injunction point here.

[4] Vessel Interests note that they have not located any precedent involving such a situation, and Defendants have not pointed to any either.

reinforces the position that the entire dispute is well within this Court's interpleader and admiralty subject matter jurisdiction.

While Plaintiffs recognize the novelty of the issues presented in the present disputes, they nonetheless respectfully submit that this Court has subject matter jurisdiction to craft appropriate and equitable relief, while looking to analogous and helpful precedent in the admiralty and interpleader contexts.  These precedents support the Court's power to enjoin the execution of vessel arrests which would directly interfere with the properly filed interpleader actions, which include competing *in rem* and *in personam* claims that this Court has authority to adjudicate as an Article III admiralty court.

## ARGUMENT

**I.    THE COURT HAS THE POWER TO RESOLVE COMPETING *IN REM* AND *IN PERSONAM* CLAIMS RELATED TO THE BUNKER SUPPLIES.**

Defendants argue that the Court cannot issue injunctions with respect to the vessels because those vessels are not "property or obligation[s] involved in the interpleader actions" (Dkt. 52 at 2).  Not only is this an improper rejection of the ability of Plaintiffs to provide a substitute *res* in place of the vessels (as fully briefed in Plaintiffs' Joint Memorandum of Law, Dkt. 42), this is also an overly restrictive reading of the Court's powers under 28 U.S.C. § 2361, which gives the district court the power to restrain claimants "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action."[5]   One cannot reasonably assert that a vessel arrest proceeding arising out of the same transaction that resides at the heart of the interpleader does not affect "the property, instrument or obligation involved in the interpleader action."  Further, as

---

[5] As previously discussed in Plaintiffs' Joint Memorandum, Dkt. 42, there is no carve out in 28 U.S.C. § 1335 or 2361 for *in rem* claims in favor of an absolute right to arrest a vessel pursuant to Supplemental Admiralty Rule C (a rule of procedure).  Indeed, while § 2361 acts as an express carve-out to the notice provisions typically applicable to injunctions under F.R.C.P. 65, there is no similar express carve-out from interpleader for maritime or *in rem* claims.

previously noted, the Court's power in a statutory interpleader action is "not limited to the stake deposited with the court…but extends to separate causes of action against the stakeholder for damages over which the court also has subject matter jurisdiction." *See Buckeye State Mut. Ins. Co. v. Moens*, 944 F. Supp. 2d 678, 688 (N.D. Iowa 2013).   This authority is broad, extends nationwide, and "is intended to halt any proceeding the court deems inconsistent with the interpleader proceeding."   *U.S. v. Major Oil Corp.*, 583 F.2d 1152, 1157 (10th Cir. 1978). Clearly, Defendants' *in rem* maritime lien claims are indeed the very obligations Plaintiffs seek to resolve in one forum under the interpleader statute.   The arrest of vessels would directly interfere with an orderly determination of the rights of all claimants to the substitute *res*.

Defendants seek to distinguish their maritime claims from those of the other claimants, insisting that their claims are "separate and distinct."   Dkt. 52 at 2-3.   Defendants suggest that while their claims are *in rem* maritime liens, the O.W. Bunker entities are merely "contractual counterparties" holding only *in personam* claims.   *Id.* at 3.   Such a position is incorrect:   the party from whom the vessel owner or charterer ordered the bunkers has the right to assert a maritime lien (assuming all other requirements are met), even if that party was not the physical supplier of the bunkers.   *See Galehead, Inc. v. M/V Anglia*, 183 F.3d 1242, 1245 (11th Cir. 1999) (a party need not be a physical suppler to have "provided necessaries" under the Lien Act).   In fact, as alleged in the interpleader complaints, the O.W. Bunker defendants are expected to assert *in rem* maritime lien claims for the supply of necessaries to the vessels just as Defendants have asserted; in some cases, the O.W. Bunker defendants have already asserted such claims, notwithstanding that they may also have *in personam* contractual claims.[6]   *See also, e.g. UPT*

---

[6] Defendants suggest that the vessels themselves should be captioned as plaintiffs in these actions because the vessels bear the *in rem* liability.   Dkt. 52 at 3, n. 3.   But the legal fiction of "*in rem*" can be translated to "against a thing" --   a vessel cannot act as a plaintiff.   Defendants' notion is also contrary to the language of Supplemental Admiralty Rule C(6) which provides for any party with a right of possession or ownership (such as charterer or

*Pool Ltd. v. Dynamic Oil Trading (Singapore) Pte, et al*, 14-cv-9262 (S.D.N.Y.) (VEC) Doc. No. 37 at ¶ 35; *SHV Gas Supply & Risk Management SAS, et al. v. O.W. Bunker USA, Inc., et al.*, 14-cv-9720 (S.D.N.Y.) (VEC) Doc. No. 43 at ¶ 77; *Hapag-Lloyd Aktiengesellschaft v. O.W. Bunker North America, et al.*, 12-cv-190  (S.D.N.Y.) (VEC) Doc. No. 18 at ¶ 34.  Consequently, the claims asserted by Defendants and the O.W. claimants are not "separate and distinct" at all.

Defendants rely on *S.E.L. Maduro (Florida), Inc. v. M/V Antonio de Gastaneta*, 833 F.2d 1477 (11th Cir. 1987), to stress the difference between *in personam* and *in rem* claims, noting that "[t]he potential liabilities are separate and distinct."  *Id.* at 1482.  However, in *S.E.L. Maduro*, the *in personam* claim was not based on the contract for the single supply of bunkers – it was a later-formed contract regarding an agreement to pay a debt, which is why in that case the court determined that "the primary right at stake" was different as between the *in rem* and *in personam* claims.  Further, because the physical supplier in *S.E.L. Maduro* lost on the contractual claim, in allowing the *in rem* claim to go forward, the court was not faced with the possibility of double liability on the part of the owner.  Surely if the supplier recovered the full amount of the debt under the contractual claim, the court would not have permitted the supplier to recover again *in rem*.  Therefore, while *in rem* and *in personam* claims are separate and distinct for certain purposes, where they relate to the same provision of necessaries they are indeed related, since  each of them is based on the same obligation.

This analysis is consistent with the Second Circuit's decision in *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102 (2d Cir. 2002).  In that case, where the *in personam* claim for cargo damage against the owner failed in English court proceedings arising from a London arbitration, the plaintiff was not permitted to proceed *in rem* in the United States on the same

---

owner) to **defend** the action on behalf of a vessel.  There is no analogous provision which contemplates a vessel proceeding as a plaintiff "*in rem*".

underlying claim.   The court noted that "[a]lmost all maritime disputes generate both an *in personam* and an *in rem* claim… the *in rem* claim serves as a way of making sure that a plaintiff can recover…"   *Id.* at 107.[7]   Implicit in the court's decision is the principle that while there can be separate *in personam* and *in rem* causes of action, there ultimately can be but one obligation relating to the underlying transaction.   Here, the Defendants are ***fully secured*** for their maritime lien claims, notwithstanding that the substitute *res* interpleader funds also fully secure O.W.'s maritime lien claims and the claims of the other parties.   As previously discussed, the award of double liability against the Plaintiffs would be unconstitutional, therefore further security is unwarranted.   The ultimate adjudication of the competing *in rem* claims against the same *res* is not the concern of the disinterested stakeholder Plaintiffs – but claimants are collectively entitled to only one recovery for a single fuel delivery.

## II. THE COURT HAS SUBJECT MATTER JURISDICTION OVER COMPETING *IN REM* AND *IN PERSONAM* CLAIMS AGAINST THE SUBSTITUTE *RES* PROVIDED BY PLAINTIFFS.

As previously briefed, regardless of whether the vessels are located in the jurisdiction, this Court, as an Article III court, has the power to adjudicate the maritime lien claims and their validity and priority.   This power is not abrogated by the Interpleader Act or the rules of procedure applicable to maritime claims against recalcitrant vessel interests.   "Thus, assuming that, in interpleader, certain liens, rights, or priorities established by maritime law were involved, equity would have full power to determine those rights according to the principles of maritime law."   *Eagle, Star & British Dominions v. Tadlock*, 14 F. Supp. 933, 937 (S.D. Cal. 1936).   Notably, courts acting pursuant to the Interpleader Act may adjudicate lien priorities in non-maritime contexts as well.   *See Hudson Sav. Bank v. Austin*, 479 F.3d 102, 109 (1st Cir. 2007) (a

---

[7] It is appropriate to note that *Thyssen* was decided in the context of an arbitration proceeding and in that context the court noted that "We do not decide today the issue of whether admiralty claims *in rem*  can ever survive the dismissal of *in personam* claims."   *Id.* at 107 n.2.   While not necessary for the briefing on the denominated issue, it should be said that if the O.W. counterparties' *in personam* claim is found not to be valid, it would indeed raise the issue of whether that party could ever assert a valid *in rem* claim.

federal court may hear an interpleader action to determine the relative priority of competing federal and state tax liens); *Youngstown Sheet & Tube Co. v. Patterson-Emerson-Comstock of Ind.*, 227 F. Supp. 208, 213 (N.D. Ind. 1963) (determining priority of mechanics liens and other claims to interpleaded funds and noting "the Court can not extinguish state created lien (though it may enjoin such action under 28 U.S.C. § 2361)").

The Court's power in this regard is further bolstered because Plaintiff Vessel Interests have consented to the Court's jurisdiction over the claims against their vessels and have deposited a substitute *res* (in the form of cash or security) to stand as the vessels to the extent such is necessary.[8]  Defendants suggest that it is their consent that matters, but they cite nothing to support such a position and the attempt to distinguish *Farwest Steel Corp. v. Barge Sea-Span*, 769 F.2d 620 (9th Cir. 1985) and *Booth S.S. Co., Ltd. v. Tug Dalzell No. 2*, 1966 A.M.C. 2615 (S.D.N.Y. 1966),[9] is unconvincing.  Defendants point out that in both cases the owner consented to the *in rem* jurisdiction of the court.  Dkt. 52 at 7.  In these interpleader actions the owners and/or charterers of the vessels have similarly consented to the *in rem* jurisdiction of the Court by their deposit of the interpleader funds as a substitute *res*.  Defendants' interpretation of caselaw allowing the vessel interests' consent to create *in rem* jurisdiction to be the equivalent of a requirement that all maritime lien claimants must consent to *in rem* jurisdiction has no logical basis.

Vessel Interests also concur with the O.W. Debtors' analogy of the interpleader proceeding to the Limitation of Shipowners' Liability Act, 46 U.S.C. §30501 *et seq.*, wherein an injunction can be issued by the court to stay all proceedings against the vessel owner and the

---

[8] Vessel Interests agree with and adopt the position of the O.W. Debtors that consent of vessel interests can bestow *in rem* jurisdiction on a court.  *See* pages 3-5 of the O.W. Debtors' Memorandum of Law filed as Dkt. 71 in the *SHV Gas Supply* case, 14-cv-9720 (S.D.N.Y.) (VEC).  All references herein to the Debtors' memorandum are to this filing.

[9] These cases are discussed in the memorandum of the O.W. Debtors.

owner's property, including *in rem* claims, even when the vessel is not in the district issuing the order.[10]   While the captioned actions are not limitation proceedings, the significance of the analogy is that admiralty is no stranger to proceedings such as presented here and encourages such an efficient manner for addressing both *in rem* and *in personam* claims:

> It is the administration of equity in an admiralty court. . . . The proceeding partakes in a way of the features of a bill to enjoin a multiplicity of suits, a bill in the nature of an interpleader, and a creditor's bill. It looks to a complete and just disposition of a many cornered controversy, and is applicable to proceedings in rem against the ship, as well as to proceedings in personam against the owner; the limitation extending to the owner's property as well as to his person.

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 22 (1972) (citing *Hartford Accident & Indemnity Co. of Hartford v. Southern Pacific*, 273 U.S. 207,  215-16 (1927)).   Defendants' attempt to discount this analogy by arguing that the "specific purpose" of the Limitation Act is to encourage investment in shipping by allowing a vessel owner to limit its liability (Dkt. 52 at 9) is misplaced – the Interpleader statute has similar goals of preventing multiple liability of a plaintiff as against multiple claimants and admiralty courts have noted their ability to make claimants adjudicate those claims in a single forum. *Tadlock, supra*; *see also Copp v. DeCastro & Donner Sugarrefining Co.*, 6 F. Cas. 520, 521 (No. 3,215) (E.D.N.Y. 1875) (comparing the court's equitable powers with limitation of liability actions).   Moreover, as demonstrated by Vessel Interests, the deposit of funds in the interpleader actions constitutes an acceptable substitute res representing the "obligation" required under the Act.

---

[10] Rule F(9) addresses venue for limitation actions and allows venue to lie in a district where the vessel is not located.  There is no requirement that a limitation action "shall" always be filed in a district where the vessel is located, and yet, there is no dispute that a court's power in a limitation action extends to both *in personam* and *in rem* claims.  If the presence of the vessel in the district is a jurisdictional requirement for a court to resolve *in rem* claims (as Defendants have suggested), then Rule F(9) (a rule of procedure) could not dispel such a requirement. Thus, Rule F's confirmation that vessel presence is not a mandatory jurisdictional requirement reinforces Vessel Interests' position here that the vessels need not actually be present in this district in these cases which Vessel Interests have initiated and in which they have posted cash or security to stand in place of the vessels.

## CONCLUSION

As a result of the O.W. Bunker collapse, before the Court is a unique situation in which several claimants have or can assert competing *in rem* maritime lien claims against the subject vessels concerning the same claim – identical fuel deliveries.  It is beyond cavil that disputes arising from the supply of fuel to a vessel are within this Court's maritime subject matter jurisdiction.  It is also clear that this Court has subject matter jurisdiction under the Federal Interpleader Act and that the deposit of funds or bonds in the interpleader actions constitutes an acceptable substitute *res* representing the "obligation" required under the Act.  Finally, there can be no dispute that the Court's Article III powers provide for the adjudication of competing *in rem* and *in personam* maritime claims, regardless of the physical presence of the vessel in the district, but that to the extent there is any such requirement, it is satisfied by the funds/bonds already here and accepted by the Court.

There is no precedent requiring the Court to refrain from acting in these cases simply because vessels are not physically present, and Defendants have cited to none.  Given the lack of direct precedent on this issue, there is nothing limiting the Court's power to fashion appropriate remedies to adjudicate these claims in an orderly manner, including enjoining competing vessel arrest actions throughout the United States and elsewhere.  The Vessel Interests respectfully submit that to do so is in keeping with relevant admiralty and interpleader precepts and does not violate any applicable rule or statute.

Dated: New York, New York
        March 6, 2015

                                Respectfully submitted,

                                FREEHILL HOGAN & MAHAR LLP
                                        /s/ Michael Fernandez
                                By:_____
                                Peter J. Gutowski
                                Michael Fernandez
                                Gina M. Venezia
                                80 Pine Street
                                New York, NY  10005
                                (212) 425-1900
                                (212) 425-1901 (Fax)
                                *Attorneys for Plaintiffs,*
                                *Hapag-Lloyd Aktiengesellschaft and Canpotex*
                                *Shipping Services Limited*

                                        - and -

                                HOLLAND & KNIGHT LLP

                                        /s/ James H. Hohenstein
                                        /s/ James H. Power
                                        /s/ Marie E. Larsen
                                By:  _____
                                James H. Hohenstein
                                James H. Power
                                Marie E. Larsen
                                31 West 52nd Street
                                New York, New York 10019
                                Telephone:  212-513-3200
                                Telefax: 212-385-9010
                                Email:  jim.hohenstein@hklaw.com
                                        james.power@hklaw.com
                                        marie.larsen@hklaw.com
                                *Attorneys for Plaintiffs UPT Pool Ltd., Birch*
                                *Shipping Ltd., Clearlake Shipping Pte Ltd., Bonny*
                                *Gas Transport Limited, MT Cape Bird*
                                *Tankschiffahrts GmBH, Conti 149 Conti Guinea,*
                                *NYK Bulk & Project Carriers Ltd., Nippon Kaisha*
                                *Line Ltd., APL Co. Pte Ltd and American President*
                                *Lines, Ltd.*

                                - and –

                                10

REED SMITH LLP
      /s/ Andrea J. Pincus
By:_____
Andrea J. Pincus
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile:  (212) 521-5450
Email:  apincus@reedsmith.com
*Attorneys for Plaintiff SHV Gas Supply & Risk*
*Management SAS*


- and –


CHALOS & CO, P.C.

      /s/ Kerri M. D'Ambrosio
By:_____
George M. Chalos
Kerri M. D'Ambrosio
55 Hamilton Avenue
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email:   gmc@chaloslaw.com
         kdambrosio@chaloslaw.com
*Attorneys for Plaintiff Exmar Shipping BVBA*


- and -


BURKE & PARSONS

      /s/ William F. Dougherty
By:_____
William F. Dougherty
Michael J. Walsh
100 Park Avenue
New York NY  10017-5533
Tel: (212) 354-3800
Fax: (212) 221-1432
Email:  dougherty@burkeparsons.com
      walsh@burkeparsons.com
*Attorneys for OSG Ship Management, Inc. and*
*1372 Tanker Corporation, as owner of the*
*M/V OVERSEAS MULAN (IMO No. 9230880)*

11

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF, email, or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.


Vincent M. DeOrchis
Robert E. O'Connor
Timothy Semenoro
Davis Wright
**Montgomery McCracken Walter & Rhoads LLP**
*Attorneys for:*
*O.W. Bunker USA Inc.,*
*O.W. Bunker North America Inc. and*
*O.W. Bunker Holding North America Inc.*

Peter S. Partee, Sr.
Michael P. Richman
Andrew Kamensky
**Hunton & Williams LLP**
*Attorneys for The Official Committee of*
*Unsecured Creditors in In re O.W. Bunker*
*Holding North America, Inc., et al., Chapter 11*
*Case No. 14-51720, Bankr. D. Conn.*


Bruce G. Paulsen
Brian P. Maloney
**Seward & Kissel LLP**

      - and -

Daniel Guyder
Joseph Badtke – Berkow
**Allen & Overy LLP**
*Attorneys for ING Bank N.V.*

Thomas H. Belknap, Jr.
Keith Letourneau
**Blank Rome LLP**
*Attorneys for NuStar Energy Services, Inc.*


      \_\_\_\_/s/ Andrea Pincus_____

#34920054 v2

12