UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/14/2015____

| | |
|---|---|
| SHV GAS SUPPLY & RISK MANAGEMENT SAS AND EXMAR SHIPPING BVBA, as owner of the WAREGEM (IMO No. 9659127),<br><br>Plaintiffs,<br><br>-against-<br><br>O.W. BUNKER USA, INC., O.W. BUNKER HOLDING NORTH AMERICA INC., O.W. BUNKER NORTH AMERICA INC., NUSTAR ENERGY SERVICES, INC., AND ING BANK N.V.,<br><br>Defendants. | 14-CV-9720 (VEC)<br><br>MEMORANDUM OPINION & ORDER |

VALERIE CAPRONI, United States District Judge:

Defendants NuStar Energy Services, Inc. ("NuStar") and O.W. Bunker USA Inc. ("O.W. USA") have each moved for Orders issuing warrants for the arrest of funds that Plaintiffs have deposited in the Court's Registry pursuant to the federal interpleader statute, 28 U.S.C. § 1335. Because these motions seek substantially the same relief and are opposed for substantially the same reasons, the Court addresses them together.  For the reasons discussed below, the Arrest Motions are DENIED without prejudice.

## BACKGROUND

On December 12, 2015, Plaintiff initiated this action by filing a Complaint for Interpleader and Ex Parte Applications for the entry of Orders permitting the deposit of interpleader funds into the Court's Registry and restraining the arrest of the subject vessel.  This case has been designated as "related" to approximately twenty-five other interpleader actions involving fuel bunker transactions made with or through O.W. Bunker entities shortly before the bankruptcy filings of various O.W. Bunker entities around the world (the "Interpleader

Actions"). On December 11, 2014, the Court granted Plaintiffs' Ex Parte Applications. Dkts. 11-12. Pursuant to the Restraining Order entered by the Court, the deposited funds stand as "the substituted *res* for the [v]essel" such that "any claimant may assert a maritime lien claim in the District against the funds for payment" on the fuel deliveries at issue. Dkt. 12.

On December 29, 2014, Defendant NuStar filed a Motion for Issuance of Warrant of Arrest ("NuStar's Arrest Motion"), Dkt. 27, which Plaintiffs and Defendant ING Bank N.V. ("ING") oppose. Dkts. 40, 53. On January 12, 2015, Defendant O.W. USA filed a Motion for an Order Directing the Clerk to Issue a Warrant for Arrest ("O.W.'s Arrest Motion" and together with NuStar's Arrest Motion, the "Arrest Motions"), Dkt. 44, which Plaintiffs oppose. Dkt. 65.

## DISCUSSION

Rule C of the Supplemental Rules for Admiralty Maritime Claims and Asset Forfeiture Actions ("Rule C") permits an aggrieved party to bring an action *in rem* to "enforce any maritime lien." Rule C(1)(a). *See also Bay Casino, LLC. v. M/V Royal Empress*, 20 F. Supp. 2d 440, 448 (E.D.N.Y. 1998) ("[T]he only basis for the arrest of a vessel *in rem* is the enforcement of a maritime lien in favor of the party suing the vessel and seeking the arrest." (citing *Rainbow Line, Inc. v. M/V Tequila,* 480 F.2d 1024, 1027–28 (2d Cir. 1973) (other citations omitted))). In determining whether arrest is appropriate, "the court's task is to ask whether [the moving party] has made a 'prima facie showing that the [moving party] has an action *in rem* against the defendant in the amount sued for and that the property is within the district.'" *Weeks Marine, Inc. v. Cargo of Scrap Metal Ladened Aboard Sunken Barge Cape Race*, 571 F. Supp. 2d 334, 338 (D. Conn. 2008) (quoting Rule C Advisory Committee's Note (1985)). The Advisory Committee's Note "makes clear that some degree of 'judicial scrutiny' is required 'before the

issuance of any warrant of arrest.'"  *Weeks Marine, Inc.*, 571 F. Supp. 2d at 338 (quoting Rule C Advisory Committee's Note (1985)).

In filing their Arrest Motions, NuStar and O.W. USA each seek to enforce and execute their asserted maritime lien claims (that arise out of a single delivery of fuel bunkers) on the interpled funds that have been deposited in the Court's Registry so that the funds will held during the pendency of the action in order to satisfy each of the moving Defendants' respective maritime lien claims.  *See* NuStar Reply ¶ 1 ("NuStar should . . . be entitled to pursue the Vessel to the extent necessary to fully secure its claim."); O.W. USA's Mot. at 3-4 (the deposited funds should be used to satisfy O.W. USA's claim for the amount owed plus interest, fees and costs). NuStar and O.W. USA each argue that arrest is proper because they have valid maritime lien claims that can be enforced against the *res*, NuStar Mot. ¶ 4; O.W. USA Mot. ¶ 10, and the deposited funds that stand as the substitute *res* are located within this District, NuStar Mot. ¶ 9; O.W. USA Mot. ¶ 16.  *See* Rule C(2) (in an action in rem, the complaint must state, *inter alia*, that the property to be attached is within the district).  NuStar further argues that arrest is a necessary "preliminary step" to perfect its maritime lien claim because without seizure of the *res*, NuStar will be unable to protect its rights.  NuStar Reply ¶ 2, 3.  Neither argument is persuasive given the unique circumstances of this case and the related Interpleader Actions.

In the context of a single-claim dispute, a fuel supplier might easily make a prima facie showing of its entitlement to relief under Rule C such that arrest of the vessel, or a substitute *res*, would be appropriate.  *Cf. Ravenna Tankers Pte. v. Omni Ships Pte. Ltd.*, 2014 A.M.C. 1190 (E.D. La. 2013) (discussing precedent for the arrest of tangible and intangible property pursuant to Rule C).  The Interpleader Actions, on the other hand, involve complex disputes arising out of the bankruptcy of various O.W. Bunker entities, in which multiple claimants (including NuStar)

representing different positions in the contractual supply chain have asserted maritime liens and competing claims for payment arising from a single fuel order.  NuStar and O.W. USA both assert that they have valid maritime liens, but those lien claims have been vigorously contested by other parties and are the subject of continuing discovery and litigation in this interpleader action.  Complicating matters further, many of the competing claimants have asserted claims in the U.S. bankruptcy proceedings.  NuStar and O.W. USA offer no explanation as to how the Court could possibly determine on the current state of the record that they each have "a valid prima facie admiralty claim" under such circumstances.  *Cf. Sonito Shipping Co. v. Sun United Mar. Ltd.*, 478 F. Supp. 2d 532, 536-37 (S.D.N.Y. 2007) (discussing the requirement that the moving party establish a valid prima facie admiralty claim in the context of Rule B attachment proceedings (citations omitted)).  Further, neither has cited any case (and the Court is aware of none) in which a court has issued an arrest warrant for a vessel or *res* that was also the stake in an ongoing interpleader action.

Given the preliminary stage of the interpleader and bankruptcy litigation and the fact that the funds have already been deposited and are accruing interest in the Court's Registry, from which they are neither going to sail off nor sink, as a vessel might, it is unclear what NuStar and O.W. USA hope to gain by arresting the deposited funds, apart from some tactical advantage over other competing claimants.[1]  While an arrest may be a preliminary step to enforcement, arrest of the *res* does not validate or bolster the parties' respective lien claims in any way.  *Sonito Shipping Co.*, 478 F. Supp. 2d at 542 n.2 ("The existence *vel non* of the maritime lien sought to be enforced is determined by the applicable substantive law, not by the procedures contained in

---

[1]    Under the Deposit Order, Plaintiff was required to deposit 6% of the principle sum as interest for the first year, and the Deposit Order further requires Plaintiff to submit an additional 6% if the matter has not been resolved within one year of the initial deposit.

Rule C (citing *Trinidad Foundry & Fabricating, Ltd. v. M/V K.A.S. Camilla*, 966 F.2d 613, 615 (11th Cir. 1992))); *see also Dowell Div. of the Dow Chem. Co. v. Franconia Sea Transp., Ltd.*, 504 F. Supp. 579, 581 (S.D.N.Y. 1980), *aff'd sub nom. Dowell Div. of Dow Chem. v. Franconia Sea Transp. Ltd.*, 659 F.2d 1058 (2d Cir. 1981) ("Rule C does not itself create substantive liability where none would otherwise exist.").

To the extent that granting the Arrest Motions would bestow some tactical advantage on NuStar and O.W. Bunker, that result would be improper. Without determining whether the doctrine of *custodia legis* applies, the Court finds that NuStar's and O.W. USA's filing of the Arrest Motions should not affect the interpleader parties' substantive rights. *See White v. F.D.I.C.,* 19 F.3d 249, 252 (5th Cir. 1994) (joining the Second Circuit in holding that "activity subsequent to the initiation of an interpleader action is normally immaterial in determining which claimant has a superior right to the interpleader fund."); *Avant Petroleum, Inc. v. Banque Paribas,* 853 F.2d 140, 144 (2d Cir. 1988) (courts should normally determine priority of the claimants' rights "as of the time the fund was created"). "Allowing one party to enhance [its] claim while the other claimants patiently await a determination from the court would be inequitable, as well as inconsistent with [the] objective" of interpleader. *White,* 19 F.3d at 253.

In denying the Arrest Motions at this juncture, the Court is not precluding claimants from perfecting or protecting their statutory rights. NuStar Reply ¶5. Defendants to the Interpleader Actions have already asserted their maritime lien claims in their Answers, Crossclaims and Counterclaims. To the extent the Court determines that certain Defendants have valid maritime lien claims, the parties will have an opportunity to brief how those claim should be enforced and executed in the context of the Interpleader Actions.

## CONCLUSION

For the foregoing reasons, the Arrest Motions are DENIED.  The Clerk of Court is respectfully requested to close the open motions at 27 and 44.

**SO ORDERED.**

**Date:  August 14, 2015**
**          New York, New York**

**VALERIE CAPRONI**
**United States District Judge**